[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 406 
This is a nuisance case.
The plaintiffs filed suit in the Circuit Court of Cullman County against John Gregath and Neal Bates, owners of their respective hog parlors. The jury found in favor of the plaintiffs and assessed damages against Gregath at $8,000 and against Bates at $1,000. The trial court thereafter enjoined the defendants from operating their hog parlors. Defendant-Gregath appeals.
At the outset, we deem it appropriate to set out the plaintiffs' complaint, in pertinent part, as follows:
 "2. Plaintiff avers that she has owned a tract of land located in Cullman County for about twenty years on which she makes her home and livelihood. In the course of improving her property, the Plaintiff has caused to be constructed on her property a five acre pond for the purpose of watering the animals that are owned by your Plaintiff and to provide a fishing and recreational area for her family. Plaintiff further avers that the Defendants began operating hog parlors on the land adjoining the home and residence of your Plaintiff. Said hog parlors are built adjacent to a creek that flows directly into the pond owned by your Plaintiff; and further, said creek traverses a portion of your Plaintiff's property.
 "3. Plaintiff further avers that the Defendants built lagoons in order to dispose of waste matter from the hogs raised by the Defendants. The said lagoons were improperly constructed, resulting in a leak or leaks and an overflow, causing seepage from the lagoons to flow into the creek that traverses the Plaintiff's property and feeds directly into your Plaintiff's pond, rendering the water in the creek and pond unsafe for consumption by your Plaintiff's animals, and further, said seepage runs onto and across the property owned by your Plaintiff, causing the grass, foliage and trees to die as a result of the poisonous condition of the seepage. Your Plaintiff further avers that the Defendants have caused dead hogs to be left on the premises, some of which have been thrown into the lagoons, resulting in additional contamination of the water, creating strong, obnoxious and sickening odors, and creating a health hazard to your Plaintiff and her family.
 "4. Your Plaintiff further avers that her home has been made unlivable as a result of the construction of the hog parlors and the lagoons by the Defendants on the property adjoining your Plaintiff's home, due to the dead animals, the obnoxious odors and fumes, and the flies and insects caused by the Defendants' hog parlors and lagoons. Said conditions have caused your Plaintiff and her family to be sick; their nervous systems have been shattered; they have been denied the peaceful enjoyment of their property and home and the value of the Plaintiff's property has been greatly depreciated as a result of the obnoxious conditions created by the Defendants' hog parlors and lagoons. Your Plaintiff has suffered physically and mentally all as a result of the Defendants' improper operation and maintenance of the said hog parlors and lagoons.
 "5. Your Plaintiff further avers that she is threatened with irreparable injury and destruction of her business of farming and raising animals; and further, has suffered material loss of income and value of property as a result of the Defendants' negligence in the construction and maintenance of the hog parlors and lagoons; and further, has repeatedly requested the Defendants to cease and desist from the improper operation of the said hog parlors and lagoons, but to no avail.
 "6. The Plaintiff claims of the Defendants the sum of $25,000.00 damages *Page 407 
as a result of the injuries and the loss of value of her property due to the Defendants' improper construction and maintenance of said hog parlors and lagoons.
 "7. Plaintiff further avers that there now exists an actual judicial controversy between her and the Defendants due to the obnoxious and sickening odors and damages to her property as a result of the Defendants' construction, operation and maintenance of the said hog parlors and lagoons; and further, there is no action presently pending in which the rights of the parties herein can be tested or litigated, and Plaintiff avers that she has no adequate remedy at law.
 "Plaintiff further prays that this Honorable Court will set a date for hearing and upon said final hearing, issue a Writ of Injunction ordering the Defendants to cease and desist and to stop the infringement, injuries and destruction of your Plaintiff's property and health. Plaintiff further prays that a decree be entered granting the sum of $25,000.00 as damages. . . ."
As noted above, the jury found in favor of the plaintiffs and assessed damages against the defendants. The trial court, furthermore, enjoined the defendants from operating these hog parlors. The defendant-Gregath appeals urging reversal on several aspects.
The pertinent issues, as we perceive them, are as follows: 1. Did the trial court in refusing to admit certain testimony during the course of the trial? 2. Was expert testimony properly admitted? 3. Did the trial court err in refusing to admit testimony concerning conviction of a crime to impeach a witness? 4. Did the trial court err in awarding both damages and injunctive relief? Put another way, did the plaintiffs have to elect between remedies? 5. Did the court err to reversal in its jury charge relating to mental suffering?
At this point we note there is sufficient evidence in the record to support a finding of a nuisance within the purview ofBaldwin v. McClendon, 292 Ala. 43, 288 So.2d 761 (1974). Suffice it to say, there was testimony to indicate numerous occasions in which dead hogs were left in the open to decompose. The defendant had built lagoons to dispose of waste matter coming from the hog parlor. There was evidence to show, however, leakage or seepage from these lagoons into a creek and pond situated on the plaintiffs' land. The record is replete with testimony concerning strong obnoxious, and sickening odors, along with the presence of flies coming onto plaintiffs' property. While there is testimony offered by the defendant to the contrary, we cannot say the finding of a nuisance is against the great weight of the evidence as contended by the appellant.
 I
Defendant-appellant submits the trial court erred in refusing to admit certain testimony during the trial. Specifically, defendant argues that one of his witnesses was not allowed to give his opinion as to the value of plaintiffs' real property. Furthermore, defendant claims a denial of his right to fully cross-examine witnesses.
The general rule in Alabama is that an owner of real property may testify to the value of such property without other qualifications. This rule is premised on the basis that the fact of ownership renders the owner competent to testify to such value. See State v. Hastie, Ala., 333 So.2d 795 (1976).
However, this general rule does not extend the ability of the witness to testify as to the value of another person's property absent a showing of expert qualifications. The witness in the present case did not qualify as an expert witness and thus, due to the above, could not testify as to the value of plaintiff's realty, as the court below rightfully held.
As to the scope and extent of cross-examination, we would note that such rests in the sound discretion of the trial court. See State v. Hargrove, 282 Ala. 13, 208 So.2d 444
(1968). Prejudicial error must be shown in order to obtain a reversal for gross abuse of discretion in regard to the *Page 408 
scope and extent of cross-examination. See Moon v. Nolen,294 Ala. 454, 318 So.2d 690 (1975).
Our careful review of the record reveals no gross abuse of discretion by the trial court requiring reversal.
 II
The defendant alleges improper expert testimony was admitted by the trial court over objection by the defendant.
As a preliminary proposition, whether or not an expert witness is shown to be qualified is addressed to the discretion of the trial court. This ruling will not be reversed unless it clearly appears that it was prejudicially erroneous and worked an injury to the appellant's cause. See Hewett v. McGaster,272 Ala. 498, 133 So.2d 189 (1961).
We find no merit in defendant's assignment of error concerning expert testimony. The record reveals qualifications by this witness, a real estate appraiser, which would justify the trial court accepting him as an expert witness. Furthermore, the questions propounded and answered by this witness were not improperly admitted in that they were either premised upon hypothetical situations, based on facts already in evidence, or upon the witness's firsthand knowledge. See Gamble, McElroys Alabama Evidence § 130.01 [3rd Ed.].
 III
The defendant alleges as error the trial court's refusal to admit testimony which attempted to impeach a witness. Specifically, the defendant was attempting to impeach the testimony of one of the plaintiffs by showing a conviction for a crime involving moral turpitude, i.e., conspiracy to commit gambling.
The record reveals the plaintiff responded to the defendant's questions and those propounded by the court by stating he didn't know if he had been convicted of that particular offense. Defendant attempted to produce a "rap sheet" which supposedly showed the charge the plaintiff was convicted of. The trial court ruled that this was not the best evidence of such a conviction. We agree.
When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction. This can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State,51 Ala. App. 148, 283 So.2d 458 (1973).
 IV
The defendant contends the trial court erred in awarding injunctive relief to the plaintiffs along with the damages found by the jury. Defendant further argues that the plaintiffs must elect between remedies. Such is not the case.
The law in Alabama is settled in that an injunction in a nuisance case is a proper remedy to restrain a repeated or continuing trespass when the remedy at law is inadequate because of the nature of the injury or because of a multiplicity of actions necessary to obtain relief. Furthermore, the damages sustained and proven are recoverable. See Howell v. City of Dothan, 234 Ala. 158, 174 So. 624 (1937). See also Baldwin v. McClendon, supra.
As noted above, the conditions and effects arising from the defendant's hog parlor have been of a continuing and repeated nature. Attempts to remedy the situation have been without success. In view of this, we cannot say the court erred in awarding injunctive relief along with damages that were proven.
 V
Defendant alleges error in the trial judge's charge to the jury concerning mental anguish. Specifically, defendant contends the following is contrary to Alabama law.
 "Here, Ladies and Gentlemen, the Plaintiff has alleged personal injury and mental anguish. And, I charge you that *Page 409 
in this State there is no fixed monetary standard to compensate for physical pain and mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount you would reasonably and fairly compensate the Plaintiffs for such physical pain and mental anguish as you may find from the evidence the Plaintiffs did suffer. If you are reasonably satisfied from the evidence the Plaintiff has undergone or will undergo pain and suffering, or rather has undergone pain and suffering and mental anguish as a proximate result of the matter complained of in the complaint, you should award a sum which would reasonably and fairly compensate them for such pain and suffering and mental anguish."
This charge was duly and properly excepted to by the appellant.
As a general rule, the law will not permit the recovery of damages for mental distress where the tort results in mere injury to property. However, where there has been a physical injury to a person, under circumstances warranting the recovery of compensatory damages therefor, mental suffering, which is a natural incident thereto, furnishes one of the elements of recoverable damages. See B.F. Goodrich Co. v. Hughes, 239 Ala. 373,194 So. 842 (1940).
As noted above in the complaint, the plaintiffs claim to have suffered physically and mentally as a result of the defendant's hog parlor. However, a careful review of the record fails to disclose any proof of a physical injury suffered by the plaintiffs so as to allow recovery of damages for mental suffering or anguish.
The court in Alabama Power Co. v. Stringfellow, 228 Ala. 422,153 So. 629 (1934), held that a loss of sleep is not an element of damages arising from a nuisance but is a circumstance or factor going to the nature and extent of the activity and whether it constituted a nuisance. In the present case, the fact of offensive odors and flies are factors leading to a determination of a nuisance and are not elements of damages in the form of mental pain and suffering.
Nervous reactions resulting from a tort, which is merely an injury to property as distinguished from one to the person, are in the same category as mental suffering. Unless the tort is committed under circumstances of insult or contumely, such reactions are not to be considered as proper elements of damages. See B.F. Goodrich Co. v. Hughes, supra.
In any event, mental suffering alone, when not accompanied by malice, insult, or inhumanity or a physical injury, is not an element of damages for a nuisance. Where the tort results in mere injury to property, mental distress, or suffering is not recoverable. See B.F. Goodrich Co. v. Hughes, supra; 66 C.J.S.Nuisances § 174; McCormick on Damages § 127.
In view of the above, the trial court erred in instructing the jury as to mental suffering. Error in an instruction to a jury is ground for reversal, unless it affirmatively appears that the instruction was not prejudicial. See Sibley v. Adams,56 Ala. App. 572, 324 So.2d 287, cert. denied 295 Ala. 121,324 So.2d 291 (1975). It is clear that in this instance, we cannot say the instructions to the jury were without prejudice and we must reverse.
There being no other pertinent issues for review in this case, that part of the judgment relating to damages is reversed and remanded. The trial court's issuance of injunctive relief is due to be and is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 410