516 So.2d 1369 (1987)
Ex parte Michael Dean PEAGLER.
(Re: Michael Dean Peagler v. State of Alabama)
No. 86-567.
Supreme Court of Alabama.
July 31, 1987.
Rehearing Denied September 25, 1987.
Stephen K. Simpson, Montgomery, for petitioner.
Don Siegelman, Atty. Gen., and J. Anthony McLain and James F. Hampton, Sp. Asst. Attys. Gen., for respondent.
MADDOX, Justice.
The question presented on this petition for certiorari is the effect of a prosecutor's asking a defense witness other than the accused whether he had ever been convicted of a felony or a crime involving moral turpitude, where the prosecuting attorney was not prepared, when the witness gave a negative answer, to offer anything other than a FBI "rap sheet" as documentary proof of the conviction.
Petitioner was convicted for possession of cocaine. The state moved to invoke the provisions of Alabama's Habitual Offender Statute, and petitioner was sentenced to a term of three years.
He appealed his conviction to the Court of Criminal Appeals, which affirmed his conviction, without writing an opinion, 502 So.2d 404. Petitioner timely filed an application for rehearing in that court, and, pursuant to the provisions of Rule 39(k), Ala.R.App.P., moved the court to write an opinion setting out facts in regard to several matters. With regard to the specific question we address, petitioner requested that court to add these facts:
"The first witness for the defendant was James Peagler, Jr. Mr. Peagler testified that he was the defendant's ... brother. James Peagler testified that he was represented by Charles Payne and he stated that he understood what he was doing and that he wanted to testify in the trial of his brother's case. When asked who the cocaine belonged to, James Peagler stated that it was his. He testified that he had the cocaine in a plastic bag. James Peagler stated that he told his brother Michael to ride to the Modern Trailer Park in the van with the *1370 other people. He stated that he did not believe that Michael knew anything about a cocaine deal occurring on that night. He stated that he had just told Michael to go and take the folks to the trailer park and that he would be over there in about 15 or 20 minutes. He testified that Michael never had any of the cocaine. He stated that Michael didn't do anything but put his hands on the car when the police arrived and began to arrest them. He stated that Michael had not gotten into his car prior to the time that the police arrested them. He described how he was searched and he described the fact that the police searched his vehicle after he and Michael had been taken away. Mr. James Peagler testified that Michael Peagler was not going to make any money off of the sale of cocaine that occurred that day. On cross-examination, James Peagler was asked if he was the same James Peagler, Jr., who was convicted February 2, 1984, in the Circuit Court of Autauga County for receiving stolen property. He replied, "I don't know nothing about that." Thereupon, Mr. Payne, his attorney, objected to any questions along that line and a lengthy conference was held among the lawyers for Michael Peagler, James Peagler, and the State of Alabama. At this time the defendant's lawyer objected to the question regarding prior convictions of his witness James Peagler, Jr., unless the State could produce a certified copy of a court record indicating that he was convicted. The State replied that they did not have certified copies of the court records of James Peagler, Jr.'s convictions. The defendant's attorney pointed out that the questioning of James Peagler, Jr., in regard to prior convictions in an attempt to impeach him without the necessary court documents to place into evidence to impeach him was highly prejudicial to Michael Peagler's defense. The State of Alabama was allowed to pursue questions in regard to James Peagler, Jr.'s prior convictions."
Petitioner contends that the trial court committed prejudicial error in permitting the state to base its questions to his witness on information contained on a FBI "rap sheet."
The state contends that there is "no case in this jurisdiction [that] requires ... proof [by properly authenticated documentary evidence] in an instance where a witness, who is being subjected to cross-examination for impeachment purposes, denies commission of a crime involving moral turpitude." The state cites in support of its position Code 1975, § 12-21-162, which reads, as follows:
"XX-XX-XXX. Witness convicted of crime.
"(a) No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury.
"(b) As affecting his credibility, a witness may be examined touching his conviction for a crime involving moral turpitude, and his answers may be contradicted by other evidence. (Code 1886, § 2766; Code 1896, §§ 1795, 1796; Code 1907, §§ 4008, 4009; Code 1923, §§ 7722, 7723; Code 1940, T. 7, §§ 434, 435.)"
The state emphasizes the word "may" in the statute and contends that there is no requirement on the state, in this case, to prove, by use of a properly authenticated court record, or a certified copy thereof, that the witness had been previously convicted. We disagree.
In Bezotte v. State, 358 So.2d 521, 525, (Ala.Cr.App.1978), the Court of Criminal Appeals stated: "Even though a prior conviction involving moral turpitude may be shown upon the cross-examination of a witness, this examination should be subject to the limitation that it be conducted in good faith. See 3 A.L.R.3d 965, and the cases cited therein, concerning lack of documentary proof of a prior felony conviction."
In Gregath v. Bates, 359 So.2d 404 (Ala. Civ.App.1978), Holmes, J., writing for the court, specifically addressed the same question now pending before us:
"The defendant alleges as error the trial court's refusal to admit testimony which attempted to impeach a witness. Specifically, the defendant was attempting to impeach the testimony of one of *1371 the plaintiffs by showing a conviction for a crime involving moral turpitude, i.e., conspiracy to commit gambling.
"The record reveals the plaintiff responded to the defendant's questions and those propounded by the court by stating he didn't know if he had been convicted of that particular offense. Defendant attempted to produce a `rap sheet' which supposedly showed the charge the plaintiff was convicted of. The trial court ruled that this was not the best evidence of such a conviction. We agree.
"When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction. This can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State, 51 Ala.App. 148, 283 So.2d 458 (1973)."
We are of the opinion that Gregath, although it was a civil case, correctly states the law of this jurisdiction; therefore, the judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded to that court for further proceedings consistent with this opinion. See Annot., 3 A.L.R.3d 965 (1965).
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., dissents.
TORBERT, C.J., and STEAGALL, JJ., not sitting.
HOUSTON, Justice (dissenting).
I would affirm. Certainly the State must exercise good faith in cross-examining a witness about a prior conviction of a crime involving moral turpitude. However, if the State has knowledge from a credible source, and I consider an F.B.I. rap sheet a credible source, it is not reversible error to cross-examine that witness about that prior conviction merely because the State has not arranged to have available at the time of trial a certified or sworn copy of that conviction which could be introduced over defendant's objection.

ON APPLICATION FOR REHEARING
MADDOX, Justice.
The State of Alabama, in an application for rehearing, states the following:
"This Court's opinion in the case at bar presents a novel concept of impeachment procedure in requiring, from this date forward, that before anyone can question any witness, not just an accused in a criminal proceeding, as to any prior convictions of that witness for a felony or crime involving moral turpitude, that the questioning attorney must have in his or her possession properly authenticated and certified court records of any prior conviction or else such examination of that witness will be presumed to be in `bad faith.' The impact of such a construction of Alabama law now places the burden upon counsel in any proceedings in the courts of this state of guessing what witnesses will be called in the trial of a case and if such witness possibly has a prior conviction of a felony or crime involving moral turpitude, to obtain properly authenticated and certified copies of court records to affirmatively prove such a prior conviction. The State would submit that such an interpretation of Alabama statutes and case law is neither called for or in any way justified."
The State insists that "from this date forward, that before anyone can question any witness, not just an accused in a criminal proceeding, as to any prior convictions of that witness for a felony or crime involving moral turpitude, that the questioning attorney must have in his or her possession properly authenticated and certified court records of any prior conviction or else such examination of that witness will be presumed to be in `bad faith.'" A careful reading of this Court's opinion will show that this Court did not so hold. In this case, the witness denied the prior conviction. We cannot assume that every witness, while under oath, who is questioned about a crime which appears on a "rap" sheet will deny that he or she committed it.
*1372 Regarding the State's argument that the Court's opinion will have a serious impact upon the trial of cases in Alabama, we can only say that, having considered very carefully the impact that the decision might have, we are of the opinion that the rule stated on original deliverance is sound. At common law, a person convicted of a felony was incompetent to testify. It is only by reason of statutory provision that such a witness is now competent. The question of the credibility of a witness who has been previously convicted of a felony or a crime involving moral turpitude is of such magnitude that parties are entitled to have jurors charged on the effect of such convictions. We did not hold that a party may not use an F.B.I. "rap" sheet to examine a witness, as the State argues, but we did hold that, if that witness denies his conviction, the reasoning of the Court of Civil Appeals in Gregath v. Bates, 359 So.2d 404 (Ala.Civ. App.1978), was sound:
"When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction. This can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State, 51 Ala.App. 148, 283 So.2d 458 (1973)."
We would further note that the legislature has recently enacted Act 87-604, Acts of Alabama 1987, which deals with proving prior convictions by the admission of case action summary sheets, docket sheets, or other records. This Act states as follows:
"Section 1. Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state.
"Section 2. If the trial court determines that the defendant would be prejudiced by the admission of the documents described in Section 1 of this Act, the court may admit into evidence and inform the jury of the fact of the conviction but not allow the jury to view the prejudicial documents."
Because this Act had not been enacted at the time of this trial, it has no application to this case, but proof of prior convictions, in those cases when the witness denies the conviction, would be facilitated by the procedure authorized by Act 87-604.
OPINION EXTENDED; APPLICATION DENIED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., dissents.
TORBERT, C.J., and STEAGALL, J., not sitting.