The State of Alabama, in an application for rehearing, states the following:
 "This Court's opinion in the case at bar presents a novel concept of impeachment procedure in requiring, from this date forward, that before anyone can question any witness, not just an accused in a criminal proceeding, as to any prior convictions of that witness for a felony or crime involving moral turpitude, that the questioning attorney must have in his or her possession properly authenticated and certified court records of any prior conviction or else such examination of that witness will be presumed to be in `bad faith.' The impact of such a construction of Alabama law now places the burden upon counsel in any proceedings in the courts of this state of guessing what witnesses will be called in the trial of a case and if such witness possibly has a prior conviction of a felony or crime involving moral turpitude, to obtain properly authenticated and certified copies of court records to affirmatively prove such a prior conviction. The State would submit that such an interpretation of Alabama statutes and case law is neither called for or in any way justified."
The State insists that "from this date forward, that before anyone can question any witness, not just an accused in a criminal proceeding, as to any prior convictions of that witness for a felony or crime involving moral turpitude, that the questioning attorney must have in his or her possession properly authenticated and certified court records of any prior conviction or else such examination of that witness will be presumed to be in `bad faith.' " A careful reading of this Court's opinion will show that this Court did not so hold. In this case, the witness denied the prior conviction. We cannot assume that every witness, while under oath, who is questioned about a crime which appears on a "rap" sheet will deny that he or she committed it. *Page 1372 
Regarding the State's argument that the Court's opinion will have a serious impact upon the trial of cases in Alabama, we can only say that, having considered very carefully the impact that the decision might have, we are of the opinion that the rule stated on original deliverance is sound. At common law, a person convicted of a felony was incompetent to testify. It is only by reason of statutory provision that such a witness is now competent. The question of the credibility of a witness who has been previously convicted of a felony or a crime involving moral turpitude is of such magnitude that parties are entitled to have jurors charged on the effect of such convictions. We did not hold that a party may not use an F.B.I. "rap" sheet to examine a witness, as the State argues, but we did hold that, if that witness denies his conviction, the reasoning of the Court of Civil Appeals in Gregath v. Bates, 359 So.2d 404
(Ala.Civ.App. 1978), was sound:
 "When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction. This can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State, 51 Ala. App. 148, 283 So.2d 458 (1973)."
We would further note that the legislature has recently enacted Act 87-604, Acts of Alabama 1987, which deals with proving prior convictions by the admission of case action summary sheets, docket sheets, or other records. This Act states as follows:
 "Section 1. Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state.
 "Section 2. If the trial court determines that the defendant would be prejudiced by the admission of the documents described in Section 1 of this Act, the court may admit into evidence and inform the jury of the fact of the conviction but not allow the jury to view the prejudicial documents."
Because this Act had not been enacted at the time of this trial, it has no application to this case, but proof of prior convictions, in those cases when the witness denies the conviction, would be facilitated by the procedure authorized by Act 87-604.
OPINION EXTENDED; APPLICATION DENIED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., dissents.
TORBERT, C.J., and STEAGALL, J., not sitting.