TYSON, Judge.
David Phillips, alias was indicted for first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty of robbery in the third degree as charged in the indictment.” He was sentenced to imprisonment in the state penitentiary for a term of 15 years. Upon the appellant’s, motion, the court ordered the appellant’s sentence split. He was ordered to serve 18 months in the penitentiary and 13 1/2 years’ probation for a period of five years. (R. 180, 183).
James E. Miller, Jr., the alleged victim in this cause, stated that on July 29, 1984 he was looking for his cousin and drove to George Ward Park on the Green Springs Highway in Jefferson County, Alabama. After speaking to his cousin, he returned to his car and, while seated, another automobile approached and stopped next to his. In this vehicle were two men in the front seat and a woman seated in the rear. A man, whom he positively identifies as this appellant, pointed a pistol at him and removed his watch, his ring and, also, two gold chains from his neck. He stated that the appellant was armed with a gray or black automatic German pistol. This was reported to the police.
The appellant was recognized approximately a year later by the victim while he was having his automobile serviced. The tag number was reported and the appellant was subsequently arrested.
The appellant gave an alibi defense at trial stating that the victim, Miller, was a gambler and had lost the watch and ring to him in a card game. Moreover, he stated *153 that he did not pull a gun on him and had not robbed him.
I
Because reversible error occurred on the morning of trial, just before State’s witnesses commenced testifying, this cause is due to be reversed and remanded. From the record: (23-25)
“(Proceedings in recess for the noon lunch break from 11:40 a.m. until 1:05 p.m.)
“MR. TURBERVILLE: Mr. Bragan has a rap sheet which indicates that the Defendant was convicted of possession or the sale of heroin.
“MR. BRAGAN: Two years probation and the charge was possession of heroin.
“MR. TURBERVILLE: He doesn’t have a certified copy of any such conviction. It’s a crime of moral turpitude and I would ask that he not be allowed, if the Defendant takes the stand, that he not be allowed to inquire into the fact or even bring up the issue, not to ask have you had a conviction for possession of heroin.
“THE COURT: Does he have one?
“MR. TURBERVILLE: (Inaudible)
“THE COURT: I know. But we aren’t a game of chance. He knows whether he’s got one or not.
“MR. TURBERVILLE: Yes, sir. He was put on probation.
“THE COURT: The question is convictions. Has he been convicted?
“MR. TURBERVILLE: Yes, sir.
“THE COURT: Why shouldn’t he ask about it?
“MR. TURBERVILLE: Because it’s not a crime of moral turpitude, Your Honor.
“THE COURT: What crime?
“MR. TURBERVILLE: Possession of heroin.
“THE COURT: That is not moral turpitude?
“MR. TURBERVILLE: That is not stealing. It did not involve taking a life and it did not involve—
“THE COURT: You say drug conviction is not moral turpitude?
“MR. TURBERVILLE: Yes.
“MR. BRAGAN: Any sale is. I’m saying possession of heroin. I don’t know if possession of another drug is or not.
“THE COURT: If you find something to show that it is, evidently it’s not. What other convictions does he have?
“MR. TURBERVILLE: (Inaudible).
“(Jury present)”
Moreover, following the completion of the State’s case, appellant’s counsel moved again to make his “standard motions”. (R. 65). The court then overruled same.
While it is true that there were no objections made when the appellant was questioned about his prior convictions, and admitted same on cross-examination, nevertheless, we are of the view that the colloquy herein quoted preserves the issue of the State’s lack of certified copies of the appellant’s prior convictions for review by this court.
On July 31, 1987 in Ex Parte Peagler, 516 So.2d 1369, the Alabama Supreme Court held that a prosecuting attorney must be prepared, when the witness is questioned about his alleged prior convictions with nothing more than an FBI “rap sheet”, that such was not a proper basis for proving such convictions involving moral turpitude, and to do so constitutes reversible error.
Because the issue is here properly preserved under Peagler, supra, this cause is due to be and the same is hereby reversed and remanded for a new trial.
We pretermit consideration of other assignments of error.
For the error shown, the cause is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.
McMILLAN, J., concurs in result only.