David Phillips was convicted of robbery in the third degree and was sentenced to 15 years' imprisonment. Relying on Exparte Peagler, 516 So.2d 1369 (Ala. 1987), the Court of Criminal Appeals reversed his conviction, 527 So.2d 152
(Ala.Crim.App. 1987). The court reasoned that it was reversible error for the State to cross-examine Phillips about his prior convictions because the State did not have certified copies of his prior convictions at trial. After careful review, we are of the opinion that there was no basis for reversal of Phillips's conviction on the grounds relied on by the court below. Accordingly, we reverse.
Prior to the commencement of the State's case, Phillips informed the court that he believed that the prosecution would attempt to introduce evidence of a prior conviction for possession of heroin, and he asked the court not to allow the State to introduce any evidence of such a conviction. As grounds for that request, which we construe as a motion in limine, Phillips argued that the prosecution did not have a certified copy of the conviction and that the crime was not one of moral turpitude. From the record:
 "MR. TURBERVILLE: Mr. Bragan has a rap sheet which indicates that the Defendant was convicted of possession or the sale of heroin. *Page 155 
 "MR. BRAGAN: Two years probation and the charge was possession of heroin.
 "MR. TURBERVILLE: He doesn't have a certified copy of any such conviction. It's not a crime of moral turpitude and I would ask that he not be allowed, if the Defendant takes the stand, that he not be allowed to inquire into the fact or even bring up the issue, not to ask have you had a conviction for possession of heroin.
"THE COURT: Does he have one?
"MR. TURBERVILLE: (Inaudible)
 "THE COURT: I know. But we aren't a game of chance. He knows whether he's got one or not.
 "MR. TURBERVILLE: Yes, sir. He was put on probation.
 "THE COURT: The question is convictions. Has he been convicted?
"MR. TURBERVILLE: Yes, sir.
"THE COURT: Why shouldn't he ask about it?
 "MR. TURBERVILLE: Because it's not a crime of moral turpitude, Your Honor.
"THE COURT: What crime?
"MR. TURBERVILLE: Possession of heroin.
"THE COURT: That is not moral turpitude?
 "MR. TURBERVILLE: That is not stealing. It did not involve taking a life and it did not involve —
 "THE COURT: You say drug conviction is not moral turpitude?
"MR. TURBERVILLE: Yes.
 "MR BRAGAN: Any sale is. I'm saying possession of heroin. I don't know if possession of another drug is or not.
 "THE COURT: If you find something to show that it is, evidently it's not. What other convictions does he have?
"MR. TURBERVILLE: (Inaudible)."
At trial, Phillips testified in his own defense. On direct examination by his own attorney, the following transpired:
 "Q. David, you've been convicted of crimes before, haven't you?
"A. Yes.
 "Q. In fact, you have been to prison, haven't you?
"A. Yes.
 "Q. In fact, you were convicted of theft of property as recently as about 1982, weren't you?
"A. Yes, sir."
On cross-examination by the State, the following occurred:
 "Q. Mr. Turberville asked you if you had been convicted of theft. In fact, you have been convicted of theft twice, haven't you?
"A. Just once. I went to the institution.
 "Q. Was it two cases that you got at the same time?
 "A. I think they ran C C [apparently meaning "concurrently"].
 "Q. You had two theft cases and you got C C time.
"A. Yes, sir.
 "Q. It's not one case, it was two cases of theft?
"A. Yes, sir.
"Q. That was in 1982?
"A. Yes, sir."
On appeal of Phillips's conviction, the Court of Criminal Appeals held as follows:
 "While it is true that there were no objections made when the appellant was questioned about his prior convictions, and admitted same on cross-examination, nevertheless, we are of the view that the colloquy herein quoted [i.e., the pre-trial motion in limine] preserves the issue of the State's lack of certified copies of the appellant's prior convictions for review by this Court."
Phillips v. State, 527 So.2d at 152 (Ala.Crim.App. 1987).[1]
Relying on this Court's holding in Ex parte Peagler,516 So.2d 1369 (Ala. 1987), the court went on to hold that it was reversible *Page 156 
error for the State to cross-examine Phillips about his prior convictions, because the State did not have certified copies of his prior convictions at trial. For the reasons set out below, the court was in error in reversing Phillips's conviction.
It is an established principle of law that objections to evidence cannot be raised for the first time on appeal. To be reviewable, error must be preserved by properly invoking adverse rulings by the trial court. An objection to the evidence must be made and grounds stated therefor, or the objection and any error are deemed to have been waived. Ala.R.Civ.P. 46; Alford v. State Farm Fire Casualty Co.,496 So.2d 19 (Ala. 1986); Conley v. Beaver, 437 So.2d 1267 (Ala. 1983); Bell v. State, 466 So.2d 167 (Ala.Crim.App. 1985).
In its opinion, the court below held that the issue of the State's lack of certified copies of Phillips's convictions was preserved for appellate review.[2] We disagree. As the court noted in its opinion, Phillips never objected to cross-examination by the State on his prior convictions. His failure to so object waived any alleged error and leaves nothing for appellate review. Furthermore, the pre-trial colloquy noted above, even taking it as the presentation of a motion in limine, did not, as the court below held and as respondent argues in brief, preserve any error for review. It is the law "that an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel), made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefor at the time of trial, unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefor are not necessary. See C. Gamble, The Motion inLimine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981)." Liberty National Life Ins. Co. v.Beasley, 466 So.2d 935, 936 (Ala. 1985). Not only did the respondent's pre-trial motion in limine not preserve anything for review, but we believe that the trial court never made a ruling thereon. And, if it did, it was a ruling favorable to the respondent.[3]
Notwithstanding the foregoing, there are other reasons why there is no reversible error in this case. In his motion in limine, respondent sought to exclude evidence of a prior conviction for possession of heroin. At trial, the only prior convictions that were brought out were for theft of property.
Even if we were to assume that respondent's motion in limine is sufficient to preserve error, and it is not, he cannot predicate error on its denial, because that motion did not speak in any way to the alleged error now complained of.[4] Harrisv. State, 420 So.2d 812 (Ala.Crim.App. 1982) (testimony did not fall within categories of evidence defendant sought to exclude in pre-trial motion in limine).
Finally, respondent himself brought out the evidence of his prior convictions for theft of property on direct examination. Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby. There are numerous decisions which hold that a defendant cannot predicate error upon admission of testimony that is elicited by defense counsel and is responsive to defense questions. See, e.g., Ringer v. State, 489 So.2d 646 *Page 157 
(Ala.Crim.App. 1986); Lacy v. State, 484 So.2d 1192 (Ala.Crim.App. 1986); Crittenden v. State, 414 So.2d 476 (Ala.Crim.App. 1982); Williams v. State, 383 So.2d 547 (Ala.Crim.App. 1979), affirmed, Ex parte Williams, 383 So.2d 564 (Ala. 1980), cert. denied, 449 U.S. 995 (1980). By testifying about his prior convictions for theft of property, respondent opened the door for the prosecution to cross-examine him about these convictions. Smith v. State, 409 So.2d 455 (Ala.Crim.App. 1981); Travis v. State, 397 So.2d 256 (Ala.Crim.App. 1981) cert. denied, 397 So.2d 265 (Ala. 1981); Knowles v. State,364 So.2d 712 (Ala.Crim.App. 1978).
Having determined that it was error for the court below to reverse respondent's conviction, we think it necessary to point out that our holding in Ex parte Peagler, 516 So.2d 1369 (Ala. 1987), has no application under the facts of this case. Moreover, we would also point out that on rehearing in Peagler, this Court made it clear that the mere asking of a witness whether he has a prior conviction for a felony or a crime of moral turpitude does not constitute "bad faith" simply because the questioning party does not have certified court records of the witness's prior conviction(s):
 "The State insists that 'from this date forward, that before anyone can question any witness, not just an accused in a criminal proceeding, as to any prior convictions of that witness for a felony or crime involving moral turpitude, that the questioning attorney must have in his or her possession properly authenticated and certified court records of any prior conviction or else such examination of that witness will be presumed to be in "bad faith." ' A careful reading of this Court's opinion will show that this Court did not so hold. In this case, the witness denied the prior conviction. We cannot assume that every witness, while under oath, who is questioned about a crime which appears on a 'rap' sheet will deny that he or she committed it. . . .
 ". . . We did not hold that a party may not use an F.B.I. 'rap' sheet to examine a witness, as the State argues, but we did hold that, if that witness denies his conviction, the reasoning of the Court of Civil Appeals in Gregath v. Bates, 359 So.2d 404 (Ala.Civ.App. 1978), was sound:
 " 'When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction. This can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State, 51 Ala. App. 148, 283 So.2d 458
(1973).' "
516 So.2d at 1371-72.
The judgment of the Court of Criminal Appeals is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES, J., concurs in the result.
[1] We note that the only issues raised by Phillips in the court below were whether the evidence supported the verdict of the jury and whether the sentence imposed was authorized by law. Phillips neither raised nor argued any issue as to error in the introduction of evidence of his prior convictions for theft of property.
[2] We note that there is nothing in the record to indicate that the State did not have certified copies of respondent's prior convictions for theft of property.
[3] It is evident from the record that the trial court believed that the respondent's prior conviction for possession of heroin was not one of moral turpitude and left it for the prosecution to show that it was.
[4] In his brief, respondent makes the following argument: "[A]s a result of the trial court's overruling the Defendant's motion in limine, the government prosecutor (Mr. Bragan) was allowed to cross-examine the Defendant about these prior convictions." (Emphasis added.) As pointed out in our opinion, the State never questioned respondent about his prior conviction for possession of heroin, the conviction he sought to exclude by his motion in limine.