The appellant, Robert Charles Jones, appeals from his convictions for felony murder and robbery in the first degree, violations of § 13A-6-2, Ala. Code 1975, and § 13A-8-41, Ala. Code 1975. He was sentenced to 99 years' imprisonment on each conviction; the sentences were to run concurrently.
 I.
The appellant argues that the trial court erred in denying his motion filed pursuant to Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), alleging that the State improperly used its peremptory strikes to remove 8 of 15 prospective jurors because of their race and/or religious beliefs. Specifically, he argues that the State improperly engaged in disparate treatment when it struck a black veniremember because he had a teenage son who was the same age of the defendant, while leaving on the jury a white veniremember who also had a teenage son, the same age as the defendant. Additionally, he argues that prospective jurors were examined and struck by the prosecutor "simply because they were religious."
The record reveals that the appellant's arguments are procedurally precluded from appellate review. The appellant, in his brief to this Court, fails to identify the black veniremembers as to which he takes issue, stating only that the State "failed to give race-neutral reasons for striking several of the black jurors whom the State excused." The appellant's argument must "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with *Page 378 
citations to the cases, statutes, other authorities, and parts of the record relied on. . . ." Rule 28(a)(10), Ala. R.App. P.
Next, the record indicates that the appellant's disparate-treatment claim, alleging that the State struck a black person for having a teenage son, but failed to strike a white juror for the same reason, was made after his Batson motion was denied, and during the hearing on the State's reverse-Batson
motion. Moreover, the appellant failed to renew his Batson
motion on this ground, failed to make an objection to the trial court and thereby failed to obtain an adverse ruling. Thus, this argument was not preserved for appellate review. Ex parteWeddington, 843 So.2d 750 (Ala. 2002); King v. State,595 So.2d 539 (Ala.Crim.App. 1991).
Lastly, the appellant's argument that the State improperly struck C.W., a black veniremember, because she was religious is without merit. The record indicates that the State struck three additional veniremembers, two white women and one black woman, for religious reasons. The record reveals that the State gave an additional reason for striking C.W., stating that "there was a very, very long delay before she answered that she could recommend a death sentence," and that "the State would have to remove all doubt from her mind before she would be able to return a death verdict." Because reluctance to impose the death penalty is a valid race-neutral reason for a peremptory strike, the appellant's argument is without merit. Fisher v. State,587 So.2d 1027 (Ala.Crim.App. 1991).
 II.
The appellant argues that the trial court erred in denying his motion to suppress his statement. Specifically, he argues that the State continued to question him after he requested the presence of his mother and sister during questioning and after they asked to see him.
The record reveals that in a written order denying the motion to suppress, the trial court found that the right to communicate with the parent or guardian can be asserted only by the defendant. See Flynn v. State, 745 So.2d 295 (Ala.Crim.App. 1999). The trial court further found that the appellant waived his right to have a parent or guardian present. Although the appellant testified at the suppression hearing that he asked to speak to his mother before he signed the waiver-of-rights form, and that he asked to speak to his sister after he signed the form, Detective Howton, who was investigating the case, testified that he read the appellant his juvenile rights, and he waived them and gave a statement. It is well settled that "`conflicting evidence given at [a] suppression hearing presents a credibility choice for the trial court.'" Rutledge v. State,651 So.2d 1141, 1144 (Ala.Crim.App. 1994) (quoting Atwell v. State,594 So.2d 202, 212 (Ala.Crim.App. 1991)). "[A] trial court's ruling based upon conflicting evidence given at a suppression hearing is binding on this Court . . . and is not to be reversed absent a clear abuse of discretion." Jackson v. State, 589 So.2d 781,784 (Ala.Crim.App. 1991). The trial court did not abuse its discretion in denying the appellant's motion to suppress.
 III.
The appellant argues that the trial court should have granted a mistrial because of the State's questioning of a defense witness on cross-examination concerning members of the "Blood gang," the showing of an autopsy photograph to the jury during *Page 379 
rebuttal closing argument, and the jury's observation of the outburst of emotion by the victim's family during closing arguments. He argues that the outbursts deprived him of a fair trial.
The appellant's argument is procedurally precluded from appellate review because his objections were not timely presented to the trial court. "To be timely, a motion for a mistrial must be made `immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial.'" Powell v. State, 631 So.2d 289, 293 n. 2 (Ala.Crim.App. 1993) (quoting Ex parte Marek, 556 So.2d 375,379 (Ala. 1989)). The record indicates that although the appellant objected to the prosecutor's line of questioning regarding gang activity, to the prosecutor's showing the jury the photograph, and to the conduct of the victim's family, he waited until after closing arguments to make his motion for a mistrial on those grounds. Thus, his motion was untimely, and his arguments were not preserved for appellate review.
 IV.
The appellant argues that the State presented insufficient evidence to sustain his convictions. However, this argument was not presented to the trial court and was, therefore, not preserved for appellate review. The record indicates that the appellant's written motion for a judgment of acquittal, submitted at the close of the State's case and at the close of all the evidence, and his motion for a new trial challenged only the sufficiency of the evidence of the offenses for which he was indicted — capital murder and robbery in the first degree — and not the lesser-included offense for which he was ultimately convicted, felony murder. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Exparte Frith, 526 So.2d 880, 882 (Ala. 1987).
We need not address the appellant's claim that the State presented insufficient evidence to sustain his first-degree robbery conviction because that conviction and the sentence of 99 years' imprisonment is due to be reversed on double-jeopardy grounds.
As noted above, the appellant was convicted of felony murder during a robbery, and robbery in the first degree. The appellant, however, could not constitutionally be convicted of both felony murder during a robbery and robbery in the first degree based upon the same conduct. Because the same robbery formed the basis for the felony-murder conviction and for the robbery conviction, the appellant's convictions for both violate the principles of double jeopardy. See Harris v. Oklahoma, 433 U.S. 682,97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); Harris v. State, 854 So.2d 145
(Ala.Crim.App. 2002). Because the trial court lacked jurisdiction to adjudge the appellant guilty of felony murder based on that same robbery, this case must be remanded to the court to vacate the appellant's conviction and sentence for robbery.
Based on the foregoing, the appellant's conviction and sentence for felony murder is affirmed. However, this case is remanded to the trial court with instructions to vacate its judgment as to the appellant's conviction and sentence for robbery in the first degree.
AFFIRMED IN PART; REMANDED *Page 380 
WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On May 21, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 11, 2004, that court denied rehearing, without opinion. On August 13, 2004, the Supreme Court denied certiorari review, without opinion (1031439).