WELCH, Judge,
dissenting.
I disagree with the majority’s conclusion that Laren Edward Laakkonen did not raise on appeal the issue of whether his conviction is due to be reversed because the trial court in its charge to the jury improperly attributed a prior conviction to Laakkonen that the State failed to prove. In its opinion, this Court holds that, as concerning the use of his prior conviction, in his initial brief on appeal Laakkonen raised only the issue of whether “the State failed to prove his prior conviction after he stated on cross-examination that he could not recall the conviction.” Laakkonen, 21 So.3d at 1263. The majority concludes that Laakkonen had a duty to cure the State’s failure to properly impeach him and that because he failed to object to the State’s failure, the issue is not properly before this Court.
I concede that Laakkonen did not object to the State’s failure to prove that he had a prior conviction. Frankly, I do not know of any defense counsel who would have raised such an objection. I agree with the majority that because no objection was raised, that issue is waived on appeal.
But the majority’s opinion elevates form over substance. Laakkonen points out in his original brief on appeal that the relevant objections made at trial were (1) to the prosecutor’s argument that Laakkonen had a prior conviction when evidence of such a conviction was never properly introduced, and (2) to the trial court’s charge to the jury in which it stated that evidence had been introduced that Laakkonen had been convicted of giving false information to a law-enforcement officer when in fact no such evidence had been introduced. However, only the trial court’s error in charging the jury was preserved at trial.
I know of no law that says this Court cannot discern what is actually being argued in an appellate brief simply because a concise statement is not set out in boldfaced type at the outset of an argument. Admittedly, Laakkonen’s brief is not a model of clarity. Nonetheless, the errors complained of on appeal can be clearly discerned in the body of his argument and a review of the portions of the record cited in his argument.
Laakkonen argues that the following jury instruction given by the trial court was improper:
“The credibility of a criminal defendant may be attacked by introducing evidence that the defendant has been convicted of certain crimes. Evidence has been introduced in this case that the defendant has been convicted of giving false information to a law enforcement officer. Evidence of a prior criminal conviction for impeachment purposes only — is for impeachment purposes only and may not be considered as substantive evidence to prove the defendant’s guilty. However, if you are reasonably satisfied from the evidence that the defendant has been convicted of the crime of giving false information to a law enforcement officer, that evidence can be *1268 considered by you in determining the credibility of the defendant’s testimony; that is, whether or not you believe that this defendant is telling the truth. You may consider the conviction for giving false information to a law enforcement officer, along with all of the other evidence in this case, in determining what weight you will give the defendant’s testimony.”
(Laakkonen’s brief at p. 18 (citing R. 143).)
Laakkonen argues on appeal that “based on the foregoing” declarations of the State and the trial court, the State was erroneously permitted to place before the jury that Laakkonen had been impeached “with a prior conviction without properly introducing authentic documentation thereof when Mr. Laakkonen did not admit to the prior conviction.” (Laakkonen’s brief at p. 19.) The error that is the subject of Laak-konen’s argument on appeal is not that the State failed to prove the prior conviction, but that the State improperly argued to the jury that such a conviction had been proven, and the trial court’s compounding of the error by instructing the jury that evidence of a conviction had been introduced when in fact it had not. Both errors were properly objected to at trial.
The record shows that as the prosecutor began cross-examining Laakkonen, the following colloquy occurred:
“Q: [BY THE PROSECUTOR]: Your date of birth, please, sir?
“A. [BY LAAKKONEN]: 1/7/64.
“Q.: Uh-huh. (Affirmative.) And is — - — - — " your Social Security number?
“A.: Yes, sir.
“Q.: Could you, please, tell these folks what you were doing in the building on September 27, 2001?
“A.: 2001 1 can’t remember it.
“Q.: Weren’t you in court on that date?
“A.: I may have, but I’m not for sure.
“Q.: Were you not convicted of giving false information to a police officer on that date in this building?
“A.: Not that I recall, I mean.
“Q.: Well, how many times have you been arrested for that, sir?
“A.: Not that I recall, none.
“Q.: Do you have any children with the same name as you?
“A.: No, sir.
“Q.: Back in that time or in — -have you ever lived at 2401 Huntsville Street, Huntsville, Alabama, 35811?
“A.: Yeah, about ten years ago.
“Q.: But you don’t remember September 27, 2001?
“A.: No. Not that I can say.
“Q.: I beg your pardon?
“A.: Not that I can say remember.”
(R. 130-31.) A different line of questioning was pursued for a time, then the prosecutor said:
“Q.: And you don’t remember that giving false information to a police officer conviction in 2001?
“A.: Not that I remember, sir.
“Q.: Not that you remember. May have happened?
“A.: It could, I mean, to be honest with you.”
(R. 132.) The prosecutor then changed his line of questioning.
A review of the record shows that the issue whether Laakkonen had ever been convicted for providing a false name to a police officer was not discussed during the remainder of the trial. The State never offered any proof that such a conviction had occurred.
The majority opinion takes Laakkonen to task for his failure to object to the State’s “error” in failing to properly im *1269 peach him. Laakkonen, 21 So.3d at 1265. However, it is not a defendant’s duty to remind the State in a timely manner that it failed to impeach him.
The State contends, and the majority apparently concurs, that because Laakko-nen’s attorney did not object “to the prosecutor’s unsuccessful impeachment effort,” the issue is not preserved for appellate review. (State’s brief, p. 8.) As the State points out in its brief, to preserve an issue for appellate review, an objection is required at the time of the “offending question.” (State’s brief, p. 8.)
During the prosecutor’s questioning of Laakkonen regarding whether he had a prior conviction, no “offending” question was asked. The prosecutor was within his rights to ask Laakkonen on cross-examination about whether he had ever been convicted of giving a false name to a police officer. See Rule 609(a)(2), Ala. R. Evid. (evidence of a prior conviction may be used to attack the credibility of a witness if the crime for which the witness was convicted involved dishonesty or a false statement). Furthermore, at that point, Laakkonen could not have been aware that the State would not attempt to properly prove the conviction. Thus, at the time of the questioning, Laakkonen’s attorney had no basis for objecting. The impeachment of Laak-konen occurred during the defense’s casein-chief. The only time that it would have been apparent that the State was not going to introduce his purported conviction was when the State failed to request to proceed with rebuttal. At that time Laak-konen could have moved for a mistrial and, if the trial court denied the motion,' could have in that manner preserved any error committed by the trial court.
However, when the prosecutor attempted to assert during closing arguments that Laakkonen had been impeached by evidence of a conviction of a crime, which was improper because the State never proved that Laakkonen had such a conviction, there was a valid ground for an objection.
“In Ex parte Peagler, 516 So.2d 1369, 1371 (AIa.1987), the Alabama Supreme Court held that in attempting to impeach a hostile witness by questioning the witness about a prior conviction, a prosecutor must be prepared to rebut a negative answer with proper proof of the prior conviction: ‘ “When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction.” ’ ”
Covington v. State, 620 So.2d 122, 126 (Ala.Crim.App.1993); see also Jennings v. State, 588 So.2d 540, 542 (Ala.Crim.App. 1991). Proving the conviction “ ‘ “can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State, 51 AlaApp. 148, 283 So.2d 458 (1973).” ’ ” Jennings, 588 So.2d at 542 (quoting Ex parte Peagler, 516 So.2d 1369, 1371 (Ala.1987), quoting in turn Gregath v. Bates, 359 So.2d 404, 408 (Ala.Civ.App. 1978)) (emphasis omitted). The record shows that the State never presented any evidence of Laakkonen’s alleged prior conviction, or that the prosecutor stood ready to prove the existence of the alleged prior conviction.
“ ‘It has long been the rule in Alabama that, although counsel should be given considerable latitude in drawing reasonable inferences from the evidence, they may not argue as a fact that which is not supported by the evidence.... This has been the rule since it was first stated in McAdory v. State, 62 Ala. 154[, 163] (1878):
“ ‘ “[C]ounsel should not be permitted to comment upon facts not proved be *1270 fore the jury as true, and not legally competent and admissible as evidence. However reluctant an appellate court may be to interfere with the discretion of a primary court in regulating the trial of cases, if it should appear that it had refused, to the prejudice of a party, to compel counsel to confine their arguments and comments to the jury, to the law and evidence of the case under consideration — if it had permitted them to refer to and comment upon facts not in evidence, or which would not be admissible as evidence, it would be a fatal error....” ’
“[Ex parte ] Washington, 507 So.2d [1360] at 1361-62 [ (Ala.1986) ]. See also King v. State, 518 So.2d 191, 194 (Ala. Cr.App.1987). ‘[F]or the state’s attorney to ask a question which implies the existence of a factual predicate which the examiner knows he [or she] cannot support by the evidence is unprofessional conduct.’ Daniel v. State, 534 So.2d 1122,1126 (Ala.Cr.App.1988).”
Covington, 620 So.2d at 125-26.
“ ‘ “Laying prejudicial allegations before the jury ‘by dint of cross-examination without being prepared to prove them is generally regarded as reversible error.’ United States v. Brown, 519 F.2d 1368, 1370 (6th Cir.1975).” ’ ” Covington, 620 So.2d at 126 (quoting Daniel v. State, 534 So.2d 1122, 1126 (Ala.Crim.App.1988)); see also Hooper v. State, 585 So.2d 142, 151 (Ala.Crim. App.1991); and Gillespie v. State, 549 So.2d 640, 645 (Ala.Crim.App.1989).
Nevertheless, in this case, the trial court did not rule on Laakkonen’s objection during the prosecutor’s closing arguments. When Laakkonen’s attorney objected, the trial court merely stated, “Let’s move on,” and the prosecutor continued his closing. (R. 135.) It is incumbent upon counsel to obtain an adverse ruling to preserve an issue for appellate review. See Jones v. State, 895 So.2d 376 (Ala.Crim.App.2004); and Ragsdale v. State, 448 So.2d 442 (Ala. Crim.App.1984). Thus, Laakkonen’s challenge to the prosecutor’s closing argument is not preserved for appellate review.
I point out again, however, that at the time the prosecutor was asking Laakkonen whether he had a prior conviction for giving a false name to a police officer, there was no basis for an objection. It is ludicrous to place the burden upon defense counsel to object when his client states he cannot remember whether he had been convicted. As pointed out in the cases cited above, when a witness testifies that he does not recall a prior conviction, the State bears the burden of proving such a conviction.
Laakkonen had no basis for an objection when the prosecutor questioned him about whether he had a prior conviction and, at the conclusion of his case-in-chief, perhaps made a strategic decision not to risk reminding the State that there was an opportunity to prove the conviction in rebuttal and once more bring the matter to the attention of the jury. Because Laakkonen failed to move for a mistrial he could not predicate error on the failure of the State to properly prove the conviction.
Laakkonen’s attorney objected at the appropriate time, i.e., when the prosecutor began telling jurors during his closing argument that Laakkonen had been impeached with evidence of a prior conviction. Defense counsel should have requested a ruling from the trial court as to his objection, and having failed to obtain the ruling, failed to preserve the error.
However, counsel did properly take exception to the trial court’s charge to the jury that evidence of the prior conviction had been introduced into evidence, and his challenge to the trial court’s improper jury instruction was properly preserved. The *1271 improper instruction constituted reversible error. After the trial court finished its instructions, but before the jury began its deliberations, Laakkonen’s attorney entered his exception to the trial court’s charge, saying that no evidence had been presented showing that Laakkonen had a prior conviction. The trial court responded by saying that Laakkonen indicated on the record he could not recall whether he had such a conviction and Laakkonen’s attorney had not objected. (R. 154.)
The trial court’s instruction to the jury that evidence of a prior conviction had been introduced when in fact no such evidence had been presented was prejudicial to Laakkonen by giving the imprimatur of the court to the unproven fact of Laakko-nen’s prior conviction. Thus, Laakkonen’s conviction must be reversed.
Because I would reverse the judgment of the trial court, I respectfully dissent from the majority opinion.