**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Aloyisus M. BROWN, Defendant-Appellant.**

**No. 75–1302.**

United States Court of Appeals, Sixth Circuit.

July 31, 1975.

---

J. David Porter, Lexington, Ky. (Court-appointed), for defendant-appellant.

Eugene E. Siler, U. S. Atty., Richard E. Duerr, Jr., Lexington, Ky., for plaintiff-appellee.

Before EDWARDS, PECK and ENGEL, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant Brown was convicted after a federal jury trial for aiding and assisting in the escape of a federal prisoner, in violation of 18 U.S.C. § 752(a) (1970). Among the undisputed facts established at trial were the facts that Brown, who was a state prisoner, and one Mitchell W. Centers, who was a federal prisoner, both escaped from the Fayette County Jail after a hacksaw had been used to cut jail bars and each of the escapees had used a grease to facilitate passing through the remaining bars. There was specific testimony that Centers when rearrested was still greased, and the government at this time relies primarily upon the fact that Brown while in jail had requested and had received a jar of hairdressing.

Appellant Brown (who has already been convicted for the jail escape and given a three year state court sentence) contends that other prisoners in the jail had similar hairdressing and denies that the grease used was his or that he aided in cutting the bars. Centers also testified that the hairdressing which he had used in his escape was not furnished by Brown and that Brown did not aid him in any way in escaping.

Since there was testimony from which the jury could have found or inferred the contrary, the testimony we have recited is important primarily as it relates to the principal appellate issue stated below.

During Centers' testimony the United States Attorney repeatedly challenged Centers' evidence in favor of Brown by asking whether he had not previously testified in other court pro-

ceedings that Brown had taken part by using hacksaw blades to cut through the bars and by providing the hairdressing. Since the government had called Centers as its witness (although he was present pursuant to the granting of appellant's petition for writ of habeas corpus ad testificandum and was intended to be used as a principal defense witness) and had not had him declared a hostile witness, such cross-examination was clearly error. That error, however, would not be of disturbing magnitude against the harmless error rule upon which the government relies if it were not for the fact that the government now concedes that the records of the trial concerned do not provide any basis for the United States Attorney's questions. This is, we believe, highly prejudicial conduct on the part of the United States Attorney. *See Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

Laying such prejudicial allegations before a jury by dint of cross-examination without being prepared to prove them is generally regarded as reversible error. *United States v. Bohle,* 445 F.2d 54, 73 (7th Cir. 1971); *St. Clair v. Eastern Air Lines, Inc.,* 279 F.2d 119, 122 (2d Cir.), *cert. denied,* 364 U.S. 882, 81 S.Ct. 171, 5 L.Ed.2d 104 (1960); *Philadelphia & R. Ry. Co. v. Bartsch,* 9 F.2d 858, 861 (3d Cir. 1925).

In *United States v. Dye,* this court has said:

The courts should be alert to prevent abuse of the prior inconsistent statement rule by the prosecution's use of extra-judicial statements in the guise of impeaching witnesses, when the true purpose is to get before the jury substantive evidence which is not otherwise available. See *United States v. Crowder,* 346 F.2d 1 (6th Cir.), *cert. denied,* 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161 (1965).

*United States v. Dye,* 508 F.2d 1226, 1234 (6th Cir. 1974), *cert. denied,* 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653 (1975).

Since the dispute of fact concerning whether appellant actually aided Centers in escaping or merely took advantage of the route and method others had created was a fairly close question, we cannot uphold this conviction on the ground that the error was harmless under Fed. R.Crim.P. 52(a). *See Berger v. United States, supra* at 89, 55 S.Ct. 629.

Nor can we hold that the error committed at this trial was cured by judicial admonition. The admonition relied on by the government on this appeal did not serve to *strike* (and condemn) *the questions* of the prosecutor. It only instructed the jury to disregard witness Centers' denials in answering the suggestive questions.

The judgment of conviction is reversed. The case is remanded for new trial.