STATE of Missouri, Respondent,

v.

Johnny Lee CALMESE, Appellant.

No. 37233.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 7, 1976.

---

John C. Danforth, Atty. Gen., Jefferson City, Robert L. Presson, Preston Dean, Asst. Attys. Gen., Brendan Ryan, Circuit Atty., Terence J. O'Toole, Asst. Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Henry J. Rieke, Public Defenders, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Johnny Lee Calmese was sentenced to seven years' imprisonment following a verdict finding him guilty of second degree burglary and a finding by the court of a prior felony conviction. Sections 560.-045, 560.095 and 556.280, Laws, 1975.

The state's evidence showed defendant's fingerprints were found in the burglarized office. Defendant did not testify and his only witness was his father who testified defendant had occasions to go into the office on business.

Defendant makes two challenges on appeal: The state's cross examination of the defendant's father about an offer he had allegedly made to pay money to have the victim drop the charges, which the father denied, and the trial court's ruling permitting the victim in rebuttal to testify defendant's father did make the offer.

Defendant first contends no proper foundation was laid for questioning his

father about the alleged offer and such evidence was inadmissible because it was irrelevant and prejudicial. State's counsel informed the court in chambers the purpose of this inquiry was to show the father's bias, prejudice and interest in the outcome of the trial. Evidence of an offer by a defendant's witness to a third party to drop charges against the defendant is admissible to show bias and prejudice of the witness. *State v. Preslar*, 318 Mo. 679, 300 S.W. 687[1] (1927); *State v. Allen*, 267 Mo. 49, 183 S.W. 329[6] (1916). To show interest or bias, a witness may be cross examined on his state of mind or the nature of his conduct in regard to the party in whose favor or against whom he is testifying. *State v. Smith*, 250 Mo. 350, 157 S.W. 319[5] (1913).

■ To lay a foundation for impeachment of a witness based on the witness' act, counsel need only ask the witness whether he ever committed the act. *Barraclough v. Union Pac. R. Co.*, 331 Mo. 157, 52 S.W.2d 998[3–4] (1932). The trial court has to determine whether the examining counsel has identified with reasonable certainty and specificity the act in question. There is nothing in this record to indicate the trial court abused this discretion.

■ The interest or bias of a witness in relation to or feeling toward a party is relevant. *State v. Pigques*, 310 S.W.2d 942[7, 8] (Mo.1958). The fact evidence showing bias and prejudice may have a prejudicial effect does not foreclose its admission. Evidence which is competent for one purpose cannot be excluded merely because it is incompetent and prejudicial for another purpose. *State v. McClure*, 504 S.W.2d 664[7, 8] (Mo.App.1974).

■ Defendant also contends the trial court erred in admitting the victim's rebuttal testimony to contradict the defendant's father's denial of having made the offer. He argues that the alleged offer not to prosecute was a collateral matter and the state therefore is bound by the answer of the witness questioned and also argues that the prejudicial effect of the father's alleged offer outweighed its probative value. Bias

and prejudice are not collateral matters if they tend to lessen the value of the witness' testimony. The state was not bound by the father's denial and impeachment by an independent source was permissible. *State v. Day*, 339 Mo. 74, 95 S.W.2d 1183[2–5] (1936). The prejudicial effect of this rebuttal testimony should be considered in the same way as the original cross examination and is admissible as evidence tending to show bias and prejudice on the part of the defendant's father. *McClure, supra.*

Judgment affirmed.

DOWD and STEWART, JJ., concur.