Richmond

PHILLIP SCOTT, s/k/a
PHILLIP A. SCOTT

v.

COMMONWEALTH OF VIRGINIA

Nos. 1293-92-1 and 1406-92-1

Decided July 19, 1994

COUNSEL

Brenda C. Spry, Deputy Public Defender, for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal of a jury conviction for second degree murder, we hold that one may not attempt to impeach a witness by asking about the witness's alleged misconduct without having a reasonable belief that the allegations of misconduct are true. Therefore, the trial court erred in permitting the prosecutor to ask a defense witness if he had threatened the Commonwealth's witness without determining whether the question was based on a reasonable belief that the witness had made such threats.

While cross-examining a defense witness, the prosecutor asked the witness if he and another man had threatened the Commonwealth's main eyewitness. The defense witness responded that he had not. The Commonwealth's witness had already testified but had not indicated that she had been threatened by anyone. She merely stated that she had been afraid to tell all that she knew about the homicide.

Defense counsel objected to the question when it was asked, contending that it lacked foundation. The trial judge overruled the objection.

The scope of cross-examination in general, and the extent of testimonial impeachment in particular, are left to the sound dis-

cretion of the trial court and are not subject to review unless plainly abused. *Spruill v. Commonwealth*, 221 Va. 475, 485, 271 S.E.2d 419, 425 (1980); *Naulty v. Commonwealth*, 2 Va. App. 523, 529, 346 S.E.2d 540, 543 (1986). Furthermore, we allow "great latitude" on cross-examination. *Henning v. Thomas*, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988). Generally, "*anything tending to show the bias on the part of a witness*" may be elicited. *Id.* However, "[w]hile the liberties of the cross-examiner are very great," they are not unlimited. *Barnard v. Commonwealth*, 134 Va. 613, 622, 114 S.E. 563, 565 (1922) (holding improper unsubstantiated questions insinuating sexual relationship between defendant and wife of victim); *but see Adams v. Commonwealth*, 201 Va. 321, 111 S.E.2d 396 (1959) (holding similar questions proper where witnesses admitted to sexual relations).

■ "A prosecutor should not ask a question which implies the existence of a factual predicate for which a good faith belief is lacking." *ABA Standards for Criminal Justice, Prosecution Function and Defense Function* § 3-5.7(d) (3d ed. 1993); *see* 6 John Henry Wigmore *Evidence* § 1808(2) (Chadbourn rev. 1976); *see also United States v. Harding*, 525 F.2d 84, 91 (7th Cir. 1975); *Virginia Code of Professional Responsibility* DR 7-105(C)(1-2) (1983). For example, when a prosecutor attempts to impeach a defendant's character witness by inquiring whether the witness is aware of the defendant's prior misconduct, the prosecutor must in good faith base his or her questions upon "facts, general rumor or report," as determined by the judge outside the presence of the jury. *Weimer v. Commonwealth*, 5 Va. App. 47, 53-54, 360 S.E.2d 381, 384 (1987); *see Kanter v. Commonwealth*, 171 Va. 524, 532, 199 S.E. 477, 481 (1938); *State v. Brown*, 371 S.E.2d 609, 612 (W. Va. 1988); *State v. Bronson*, 423 S.E.2d 772, 779 (N.C. 1992).

In other contexts as well, where a witness denies a prosecutor's insinuations, the prosecutor may be required to produce evidence of the fact. *See People v. Sprouse*, 418 N.E.2d 1070, 1077 (Ill. App. Ct. 1981) (regarding impeachment by prior inconsistent statement). *But see State v. Calmese*, 541 S.W.2d 349 (Mo. 1976) (holding only foundation required for impeachment, based on witness's offer to pay to drop charges, was question whether witness had done so). The effect of improper questions must be assessed in the context of the particular trial and will in most

cases constitute reversible error. *See United States v. Brown*, 519 F.2d 1368, 1370 (6th Cir. 1975); *Harding*, 525 F.2d at 91; *but see Wysinger v. State*, 448 So. 2d 435, 438 (Ala. Crim. App. 1983) (holding it not reversible error where prosecutor's questions did not add any substantial evidence to the record).

The trial court erred when it failed to ascertain whether the prosecutor's question was grounded in a reasonable belief that the factual premise of the question was true. In posing the unfounded question, the prosecutor impermissibly suggested to the jury that the defense witness had threatened the Commonwealth's main witness. Moreover, the prosecutor neglected, either in his case in chief or in rebuttal, to substantiate the question by asking his own witness whether she had been threatened.

The error in allowing this unsubstantiated question was not harmless. A nonconstitutional error is harmless if "it plainly appears from the record and the evidence given at trial that the error did not affect the verdict." *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same." *Id.*

This defense witness was one of several whose testimony impeached the credibility of the Commonwealth's only eyewitness to the crime. However, he was the only one who testified that the Commonwealth's witness could not have seen the shooting. Thus, if the jury believed his testimony, it would necessarily have disbelieved the Commonwealth's witness and would have had to acquit the defendant.

Although the defense witness denied that he had threatened the Commonwealth's witness, the prosecutor's question suggested that he had. This suggestion, offered by the Commonwealth's attorney, may have affected the jury's willingness to believe the defense witness. Therefore, we cannot say, "without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same." *Id.*; *see also Weimer*, 5 Va. App. at 57-58, 360 S.E.2d at 386.

Because we have determined that the conviction must be reversed and remanded for a new trial as a result of the prosecu-

tion's improper question, we need not address the defendant's contention that the trial court erred in denying his motion for a new trial based on after-discovered evidence.

The judgment of conviction is reversed and the matter remanded for a new trial.

*Reversed and remanded.*

Benton, J., and Willis, J., concurred.