COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


DANIEL JOSEPH PAIR

MEMORANDUM OPINION[*] BY
v. Record No. 1221-99-2 JUDGE NELSON T. OVERTON
AUGUST 1, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
James A. Luke, Judge

Connie Louise Edwards for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Appellant was convicted in a bench trial of malicious wounding. On appeal, appellant contends that (1) the trial court erred in restricting testimony concerning the victim's prior inconsistent statements and (2) the evidence was insufficient to support the verdict. We disagree and affirm.

BACKGROUND

Michael Mobley, the victim, drove appellant to the home of appellant's father, and appellant went inside the home. Appellant and Mobley were the only ones present at the home. After a period of time, Mobley went inside the home to get appellant. While Mobley was walking to his car, he was shot in the back of the

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

head.  Mobley asked appellant to drive him to the hospital, but appellant drove in another direction.  After a struggle, Mobley took control of his car and drove himself to the hospital.  Thereafter, appellant took Mobley's car and drove to North Carolina.

### MOBLEY'S PRIOR INCONSISTENT STATEMENTS

Mobley testified on direct examination that appellant shot him.  On cross-examination, Mobley testified that he did not recall making any other statements to Officers Edwards or Wells concerning the circumstances of the shooting.  On cross-examination, Edwards testified that on the night of the shooting, Mobley gave him several different versions of the events, including that Mobley did not know who shot him.  Edwards' testimony was admitted without objection.

During appellant's case-in-chief, Wells was called as a witness and was asked about prior inconsistent statements made by Mobley.  The following exchange occurred:

> [APPELLANT'S ATTORNEY]:  Did [Mobley] ever
> indicate to you that he was getting into the
> car and someone shot him?
>
> WELLS:  Yes.
>
> [APPELLANT'S ATTORNEY]:  Did [Mobley] ever
> indicate to you that he did not know who
> that someone was?
>
> WELLS:  Yes.
>
> [APPELLANT'S ATTORNEY]:  Did [Mobley] at
> other times indicate it was his cousin, [the
> appellant]?

-

The trial court sustained the Commonwealth's objection that appellant failed to lay a proper foundation for the impeachment testimony by Wells of Mobley's prior inconsistent statements. On appeal, appellant argues that the trial court erred in sustaining the Commonwealth's objection.

Assuming without deciding that the appellant laid a proper foundation for Wells' impeachment testimony and that the trial court erred in sustaining the Commonwealth's objection, such error was harmless.

> A nonconstitutional error is harmless if "if plainly appears from the record and the evidence given at trial that the error did not affect the verdict." "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same."

Scott v. Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994) (citation omitted).

Appellant established through the testimony of Edwards that on the night of the shooting, Mobley gave several different versions of the events, including that Mobley did not know who shot him. Wells testified that Mobley told him that Mobley did not know who shot him. Through Wells' testimony, appellant was attempting to establish that Mobley had told the investigating officers several different versions of the events, which appellant had already established through Edwards' testimony.

-

It plainly appears from the record that the verdict would have been the same if the testimony of Wells had been admitted into evidence.

## SUFFICIENCY OF THE EVIDENCE

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

The evidence proved that Mobley and appellant were the only ones present when Mobley was shot in the back of the head. Mobley asked appellant what had happened and appellant said that "a white guy" had shot Mobley. Appellant also said that he had been shot in the shoulder. Mobley testified that he did not see a wound on appellant's shoulder and that appellant was never treated for a gunshot wound. After Mobley was shot, he asked appellant to drive him to the hospital, but appellant drove in another direction. Mobley struggled with appellant, took control of the car and drove himself to the hospital. After Mobley arrived at the hospital, appellant said that he would get Mobley's mother. Mobley refused to give the keys to appellant, but a nurse gave appellant the keys. Appellant drove to a store, bought "handiwipes" and cleaned the blood that was on him. Appellant threw the gun into a river and drove to North Carolina.

-

Appellant testified that Mobley had the gun and that the gun jammed. Appellant also testified that Mobley gave him the gun and, while appellant was checking the gun, it accidentally fired, shooting Mobley in the head. Appellant stated that he threw the gun in a river and drove to North Carolina because he was scared.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The trial court heard the testimony of the witnesses and observed their demeanor and concluded that appellant's testimony that he accidentally shot Mobley was not credible. Appellant's behavior after the shooting was inconsistent with an accidental shooting. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of malicious wounding.

-

Based upon the foregoing, appellant's conviction for malicious wounding is affirmed.

*Affirmed.*