563 S.E.2d 410

**Christopher Charles GAINES**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0839–01–1.**

Court of Appeals of Virginia,
Richmond.

May 21, 2002.

Keith Loren Kimball, Virginia Beach (Colgan, Kimball & Carnes, on brief), for appellant.

Steven A. Witmer, Assistant Attorney General (Randolph A. Beales, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., ANNUNZIATA, J., and COLEMAN, Senior Judge.

ANNUNZIATA, Judge.

Christopher Charles Gaines appeals his jury trial convictions for involuntary manslaughter and use of a firearm during the commission of a felony. He argues that the trial court erred by 1) refusing his proffered jury instruction regarding the use of a firearm in the commission of a felony, and 2) denying his motion to set aside the conviction for use of a firearm in the commission of a felony. For the reasons that follow, we agree and reverse his conviction.

## BACKGROUND

On October 19, 1999, Gaines arranged to purchase marijuana from Zachary Kipps. Kipps purchased the marijuana, repackaged it in a different bag, and kept a portion for himself. Kipps then traveled to Gaines' house in a car driven by his friend, Jerry Torres. When Kipps delivered the marijuana to Gaines, Gaines realized the amount was less than the amount he had purchased and he accused Kipps of taking some. Gaines followed Kipps outside to the car where he began arguing with Torres. Gaines produced a shotgun, demanded that Kipps and Torres leave his property, and returned to his house. After Torres had armed himself with a knife, he confronted Gaines, and attempted to cut him. Gaines retrieved his gun as Kipps and Torres ran down the street. Gaines followed the two men to the end of his property where he fired towards them. The single shot struck Torres in the back, and he died as a result of the gunshot wound. Gaines was charged with murder and use of a firearm in the commission of a felony.

At trial, after the parties rested, the Commonwealth submitted a jury instruction on the crime of using or displaying a firearm during the commission of a felony. *See* Code § 18.2–53.1. The Commonwealth's proffered instruction was based on the Model Jury Instructions and stated:

The Court instructs the jury that the defendant is charged with the crime of using a firearm while committing or attempting to commit murder. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

1. That the defendant used a firearm; and

2. that the use was while committing or attempting to commit murder.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence is heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt either element of the offense, then you shall find the defendant not guilty.

Appellant proffered a jury instruction that differed from the Commonwealth's above proffered instruction only in that it added the words, "not manslaughter," after the word, "murder," in stating the second element which the Commonwealth was required to prove.

Following arguments from counsel, the trial court declined to add appellant's language to the model instruction, stating only, "I think we ought to use the model. Take out 'not manslaughter.'" The jury then convicted appellant of involuntary manslaughter and use of a firearm during the commission of a murder, which are inconsistent verdicts.

## *ANALYSIS*

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the

proponent of the instruction." *Lynn v. Commonwealth*, 27 Va.App. 336, 344, 499 S.E.2d 1, 4–5 (1998), *aff'd*, 257 Va. 239, 514 S.E.2d 147 (1999). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Darnell v. Commonwealth*, 6 Va.App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). A trial court should not give a jury instruction "which incorrectly states the applicable law or which would be confusing or misleading to the jury." *Bruce v. Commonwealth*, 9 Va.App. 298, 300, 387 S.E.2d 279, 280 (1990). In addition, "[a] proposed jury instruction submitted by a party, which constitutes an accurate statement of the law applicable to the case, shall not be withheld from the jury solely for its nonconformance with model jury instructions." Code § 19.2–263.2.

■ Here, the court's rationale for declining to grant Gaines' proposed instruction violated this statutory dictate. As such, it constituted error.

■ Furthermore, this error was not harmless. Had the trial court given Gaines' proffered instruction, the jury would have been clearly informed that a manslaughter conviction is legally insufficient to sustain the charge of use of a firearm during the commission of a murder. However, under the instruction given by the trial court, the jury rendered inconsistent verdicts, finding Gaines guilty of involuntary manslaughter and murder, the latter in conjunction with the firearm charge. We acknowledge that a jury's inconsistent verdicts do not, *per se*, provide a basis for reversal. *See Pugliese v. Commonwealth*, 16 Va.App. 82, 96, 428 S.E.2d 16, 26 (1993) (citing *United States v. Powell*, 469 U.S. 57, 66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)). However, the focus of this inquiry is the effect of error in instructing the jury on the verdict, not on the inconsistency *per se*. Here, the inconsistent verdicts serve as evidence that the trial court's error in refusing an instruction more precisely tailored to the issue in the case on the ground that it was not the model instruction, resulted in the jury's misapprehension of the law and confusion of the issues. *Cf. Gray v. Commonwealth*, 28 Va.App. 227, 503 S.E.2d 252

(1998) (inconsistent verdict affirmed after the jury acquitted defendant of murder but found him guilty of the use of a firearm in the commission of murder where defense counsel did not object to the use of the model jury instruction and did not proffer an instruction that more precisely stated the law until sentencing); *Wolfe v. Commonwealth,* 6 Va.App. 640, 645, 371 S.E.2d 314, 316 (1988) (inconsistent jury verdicts of voluntary manslaughter and use of a firearm in the commission of murder affirmed where defendant "did not seek a cautionary instruction that if the jury acquitted him of murder, they should then find him not guilty of use of a firearm in the commission of murder"). As such, we cannot say, "that the trial court's error in failing to instruct the jury could not have affected the verdict . . . ." *Turner v. Commonwealth,* 23 Va.App. 270, 276, 476 S.E.2d 504, 507 (1996) (citations omitted), *aff'd,* 255 Va. 1, 492 S.E.2d 447 (1997); *accord Scott v. Commonwealth,* 18 Va.App. 692, 695, 446 S.E.2d 619, 620 (1994) (holding that a nonconstitutional error is harmless if " 'it plainly appears from the record and the evidence given at trial that the error did not affect the verdict' " (citation omitted)); *see also Donkor v. Commonwealth,* 26 Va.App. 325, 333, 494 S.E.2d 497, 501 (1998) (reversing conviction where jury instruction "undermine[d] confidence in jury's verdict").

We hold, therefore, that the trial court's refusal of the proffered instruction on the sole ground that it was not the model instruction is reversible error. *Scott,* 18 Va.App. at 695, 446 S.E.2d at 620. Accordingly, we reverse and dismiss the firearm charge.[1]

*Reversed and dismissed.*

COLEMAN, J., dissenting.

I respectfully disagree with the majority and, therefore, I dissent. In my opinion the trial judge did not err by instructing the jury as he did.

---

1. Because we find the trial court abused its discretion by denying Gaines' jury instruction, which was not harmless error, we need not address Gaines' argument that the trial court erred by denying his motion to set aside the verdict.