## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Brian Alexander Scott

October 23, 2002

Case Nos. (Criminal) CR01004807, CR01004889

BY JUDGE MARC JACOBSON

On May 3, 2002, a jury found Brian Alexander Scott, the Defendant, "guilty of Use of a Firearm in Commission of a Felony as charged in Indictment # 2 and Voluntary Manslaughter, a lesser included Felony as charged in Indictment # 3" and fixed the Defendant's punishment at twelve months and a $2,500.00 fine for Indictment # 2 and three years for Indictment # 3.

On or about August 1, 2002, Defendant, by counsel, filed a Motion to Vacate Verdict. Although Defendant's Motion does not state grounds upon which he seeks to vacate the jury verdict, it appears that Defendant seeks to have his conviction for Use of a Firearm in Commission of Murder vacated because it is inconsistent with his conviction for Voluntary Manslaughter.

"[I]nconsistent verdicts rendered by a jury do not constitute reversible error. The issue of inconsistent verdicts implicates no constitutional guarantee." *Wilkerson v. Commonwealth*, 33 Va. App. 808, 823, 537 S.E.2d 27, 34 (2000) (citations omitted). "As long as the evidence supports both verdicts, they 'will be upheld, despite the apparent inconsistency'." *Akers v. Commonwealth*, 31 Va. App. 512, 529, 525 S.E.2d 13, 17 (2000) (quoting *Pugliese v. Commonwealth*, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993)).

In the case of *Wolfe v. Commonwealth*, 6 Va. App. 640, 371 S.E.2d 314 (1988), the Court of Appeals upheld the appellant's convictions where a jury found him guilty of voluntary manslaughter and use of a firearm in the commission of murder. As the conviction for voluntary manslaughter was an acquittal of murder, the court found that the verdicts were clearly inconsistent.

*Wolfe*, at 648-50, 371 S.E.2d at 318-20. However, the court held that even the obvious inconsistency in the verdicts did not bar Wolfe's conviction.

The only case Defendant cites in his Motion, *Gaines v. Commonwealth*, 38 Va. App. 326, 563 S.E.2d 410 (2002), is not applicable. In that case, Gaines was convicted of the charge of involuntary manslaughter and use of a firearm while committing or attempting to commit murder. *Gaines* at 328-31, 563 S.E.2d at 410-12. The Court of Appeals overturned the conviction because the trial court refused to give a jury instruction offered by the defense that clarified the burden of proof for the prosecution. *Id.* The proffered instruction stated that the Commonwealth had to prove that defendant used a firearm in the commission or attempted commission of a murder, "not manslaughter." *Id.* at 328-30, 563 S.E.2d at 410-411. The court's decision was based on the issue of the refused instruction, not the inconsistent verdicts. *Id.* at 328-31, 563 S.E.2d at 410-12.

> We acknowledge that a jury's inconsistent verdicts do not, per se, provide a basis for reversal. However, the focus of this inquiry is the effect of error in instructing the jury on the verdict, not the inconsistency per se. Here, the inconsistent verdicts serve as evidence that the trial court's error in refusing an instruction more precisely tailored to the issue in the case on the ground that it was not the model instruction, resulted in the jury's misapprehension of the law, and confusion of the issue.

*Id.* at 330, 563 S.E.2d at 412 (citations omitted).

The instant case is governed by *Wolfe* and *Gaines* is not applicable. The seemingly inconsistent verdicts do not require the jury's verdict be set aside and the Motion of Defendant is denied.