COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Coleman


APRIL NOELLE LAWRENCE BAHEN

                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 0436-03-1                    JUDGE SAM W. COLEMAN III
                                                          OCTOBER 26, 2004
CITY OF HAMPTON


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Wilford Taylor, Jr., Judge

          (April N. L. Bahen, *pro se*, on brief).  Appellant submitting on
           brief.

          (Lesa J. Yeatts, Deputy City Attorney, on brief), for appellee.
          Appellee submitting on brief.


       On appeal from an order finding her guilty of speeding, April Noelle Lawrence Bahen

(appellant) contends the trial court erred in excluding evidence that the speed limit at the location

where she was stopped had not been lawfully established.  Finding the trial court erred in excluding

appellant's proffered evidence, we reverse and remand appellant's case for further proceedings.

                                       FACTS

       At appellant's trial for speeding, the City of Hampton presented evidence that a police

officer, using a radar device, detected appellant driving a motor vehicle at forty-one miles per hour

on West County Street on September 22, 2002.  The posted speed limit in the area was thirty miles

per hour.  The officer issued appellant a summons for speeding, citing Code § 46.2-878 and

Hampton City Code § 21.1.  The appellant, in her defense, attempted to offer evidence to prove that

the speed limit on West County Street had not been lawfully established.  Appellant proffered that

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the testimony of Lynn Allsbrook, a traffic engineer for the City of Hampton, would have been

that Allsbrook searched the City's records from January 1980 to September 2002, and the search

revealed no traffic engineering investigations for the portion of County Street where appellant

was stopped.[1]  The trial court ruled that the appellant could not challenge in this manner the city

ordinance establishing the speed limit and held that the testimony of Allsbrook was irrelevant and

inadmissible.  The trial court found appellant guilty of speeding.

ANALYSIS

Section 21-1 of the Code of the City of Hampton adopts and incorporates by reference

Title 46.2 of the Code of Virginia, which contains the provisions applicable to motor vehicles.[2]

---

[1] On appeal, appellant asserts numerous other facts in support of her contention that the speed limit had not been lawfully established.  However, she neither proved, nor proffered, that evidence at trial.  The other evidence she alludes to was the erection date of the traffic sign governing the speed limit at the location and the absence of an applicable and contemporaneous engineering study.  Appellant also contends on brief the trial court erred in refusing to consider the testimony of her father-in-law, an engineer.  However, appellant's limited proffer at trial was the Allsbrook letter stating he found no relevant engineering study in his search of city records from 1984 to 2002, the date of the speeding violation, in support of the established speed limit.  Therefore, this Court will consider on appeal only the trial court's ruling excluding Allsbrook's testimony.  We do not address whether the foregoing evidence would have been relevant and admissible.  See Rule 5A:18; Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997) (*en banc*).

[2] Hampton City Code § 21-1 provides:

> (a) Pursuant to the authority of section 46.2-1313 of the Code of Virginia, 1950, as amended, all of the provisions and requirements of the laws of the state contained in Title 46.2 of the Code of Virginia, as amended, and as amended in the future, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which, by their very nature, can not have application to or within the city, are hereby adopted and incorporated in this chapter by reference and made applicable within the city.  Reference to "highways of the state" contained in such provisions and requirements hereby adopted shall be deemed to refer to the streets, highways and other public ways within the city.  Such provisions and requirements are hereby adopted and made a part of this chapter as fully as though set forth at length herein, and it shall be unlawful for any person

Significantly, Section 21-1 provides that reference to "highways of the state" contained in the

Title 46.2 of the Code of Virginia "shall be deemed to refer to the streets, highways and other

public ways within the city."

Generally,

> the maximum speed limit shall be 55 miles per hour on interstate
> highways or other limited access highways with divided roadways,
> nonlimited access highways having four or more lanes, and all
> state primary highways.

> The maximum speed limit on all other highways shall be 55
> miles per hour if the vehicle is a passenger motor vehicle . . . .

Code § 46.2-870. However, "[t]hat general rule is subject to many statutory exceptions." Bahen

v. County of Henrico, 30 Va. App. 227, 229, 516 S.E.2d 250, 251 (1999). One such exception is

in Code § 46.2-1300, which provides in pertinent part:

> The governing body of any county, city, or town may by
> ordinance, or may by ordinance authorize its chief administrative
> officer to:

> Increase or decrease the speed limit within its boundaries,
> provided such increase or decrease in speed shall be based upon an
> engineering and traffic investigation by such county, city or town
> and provided such speed area or zone is clearly indicated by
> markers or signs . . . .

Code § 46.2-1300(A)(1). Hampton City Code § 21-108 authorizes the Hampton city manager

"to increase or decrease the speed of all streets maintained by the city; provided, that such areas

or points are clearly indicated by markers or signs and such speed shall be based on an

---

> within the city to violate or fail, neglect or refuse to comply with
> any provision of Title 46.2 of the Code of Virginia, which is
> adopted by this section; provided, that in no event shall the penalty
> imposed for the violation of any provision or requirement hereby
> adopted exceed the penalty imposed for a similar offense under
> Title 46.2 of the Code of Virginia.

> (b) All definitions of words and phrases contained in the state law
> hereby adopted shall apply to such words and phrases, when used
> in this chapter, unless clearly indicated to the contrary.

engineering or traffic investigation pursuant to section 46.2-1300 of the Code of Virginia."

However, "[w]henever the speed limit on any highway has been increased or decreased . . . and

such speed limit is properly posted, there shall be a *rebuttable* presumption that the change in

speed was properly established . . . ." Code § 46.2-878 (emphasis added).

Appellant contends the trial court erred by excluding Allsbrook's testimony because it

was relevant in that it tended to rebut the presumption provided by Code § 46.2-878 that the

speed limit properly had been decreased on West County Street from fifty-five to thirty miles per

hour. Evidence "is relevant if it has any logical tendency to prove an issue in a case. Relevant

evidence may be excluded only if the prejudicial effect of the evidence outweighs its probative

value." Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127 (1996) (citation

omitted).

Allsbrook's proffered testimony tended to prove, although not conclusively establish, that

no traffic or engineering study had been performed as required by Code § 46.2-1300 in order to

establish a thirty-mile-per-hour speed limit on West County Street. Thus, the evidence was

relevant and admissible, and the trial court erred by ruling that appellant could not challenge the

speed limit and by refusing to admit or consider Allsbrook's evidence in order to rebut the

presumption.

Moreover, we cannot say that, had the trial judge ruled appellant could present evidence

to rebut the legality of the posted speed limit, the trial judge would have found Allsbrook's

testimony insufficient to rebut the statutory presumption of Code § 46.2-878. Accordingly, the

trial judge's error in excluding the evidence was not harmless error. See Scott v.

Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994) (nonconstitutional error is

harmless if "'it plainly appears from the record and the evidence given at trial that the error did

not affect the verdict'" (quoting <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*))).

<u>CONCLUSION</u>

For the foregoing reasons, we reverse and remand appellant's speeding citation for further proceedings consistent with this opinion, if the City be so advised.

<u>Reversed and remanded</u>.