21 So.3d 1271 (2009)
Ex parte Laren Edward LAAKKONEN
(In re Laren Edward Laakkonen v. State of Alabama).
1080650.
Supreme Court of Alabama.
April 24, 2009.
Jake Watson of Watson Graffeo, P.C., Huntsville, for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Crim.App., ___ So.3d ___.
LYONS, Justice.
The petition for the writ of certiorari is denied.
In denying the petition for the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Criminal Appeals' opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973).
WRIT DENIED.
COBB, C.J., and STUART and BOLIN, JJ., concur.
MURDOCK, J., concurs specially.
MURDOCK, Justice (concurring specially).
I concur in the denial of the petition for a writ certiorari. I write separately to explain my reason for doing so and my reasons for agreeing with the statement by the Court today that our denial of certiorari should not be construed as agreement with the rationale of the opinion of the Court of Criminal Appeals in this case or, for that matter, the result reached by the Court of Criminal Appeals.
I do not agree with the result reached by the Court of Criminal Appeals or with the rationale stated in Part I of its opinion. Instead, I agree in large measure with the views expressed by Judge Welch in his dissenting opinion.
The Court of Criminal Appeals explains its decision as follows:
"[T]he State had failed to meet its burden of proving Laakkonen's prior conviction *1272 .... [A]n error during the evidentiary portion of a trial should be objected to as soon as the error becomes apparent."
Laakkonen v. State, [Ms. CR-06-0981, Oct. 31, 2008] 21 So.3d 1261, 1265 (Ala. Crim.App.2008) (emphasis added). As a threshold matter, I note that this explanation confuses the concept of a party's failing to adequately or properly prove some element of its case with an "error." Parties do not commit error; trial courts commit errors.
Moreover, the fact that one party attempts to impeach another during cross-examination, but fails in this effort because it does not receive affirmative answers to its cross-examination questions, does not obligate the other party's counsel to object to those questions. It is true that "in attempting to impeach a hostile witness by questioning the witness about a prior conviction, a prosecutor must be prepared to rebut a negative answer with proper proof of the prior conviction." Covington v. State, 620 So.2d 122, 126 (Ala.Crim.App. 1993), summarizing holding in Ex parte Peagler, 516 So.2d 1369, 1371 (Ala.1987). (Such proper proof includes the original court record of the prior conviction or a certified or sworn copy of the same.) It is also true, as Judge Welch explains in his dissent to the Court of Criminal Appeals' opinion, that "`"`[l]aying prejudicial allegations before the jury "by dint of cross-examination without being prepared to prove them is generally regarded as reversible error." United States v. Brown, 519 F.2d 1368, 1370 (6th Cir.1975).'"'" 21 So.3d at 1270 (Welch, J., dissenting, quoting Covington v. State, 620 So.2d at 126).[1] Nonetheless, Laakkonen's counsel was under no obligation at the time the questions were being put to his client on cross-examination to object to those questions. For all defense counsel knew at the time, the State would eventually follow up those questions with proper evidence of the prior convictions. Only at such time as it became apparent that the State would not or could not do so did the objectionable nature of the State's earlier cross-examination questions become known. Even then, Laakkonen's counsel had no obligation to object to the questions themselves.
Specifically, if defense counsel was willingfor strategic or other reasonsto live with whatever negative suggestions those questions had left in the minds of the jurors, he might decide to refrain from interposing any objection to the questions themselves, knowing that he eventually could object to any effort to charge the jury as to the import of a prior conviction because, quite simply, no prior conviction had been proven. Strategic reasons for not objecting to the cross-examination questions themselves could include a desire not to bring more attention to the issue or a desire not to educate the State, before it rested, as to the proper manner of proving a prior conviction. Accordingly, it was perfectly within defense counsel's prerogative to make a strategic decision not to object to the cross-examination questions in their own right, but to object only if and when an effort was made to give a prior-conviction charge to the jury and then to object to the charge itself as being without a proper factual predicate.
Thus, it appears to me that the Court of Criminal Appeals was incorrect to base its decision on the fact, as that court put it, *1273 that "Laakkonen failed to object to the State's attempt to impeach him while he was on the witness stand." 21 So.3d at 1265. There was nothing at that juncture to which defense counsel was obligated to object. The State was attempting to impeach his client; the attempt was failing. Defense counsel certainly was under no obligation to object to that.
Notwithstanding the foregoing concerns regarding the opinion of the Court of Criminal Appeals and the result it reaches, I have concurred to deny certiorari review because the defendant has failed to address the two supposed procedural defaults upon which the Court of Criminal Appeals bases its opinion. These are the supposed insufficiency of Laakkonen's principal brief in that court and Laakkonen's supposed failure to preserve error in the trial court by not objecting to the cross-examination questions regarding his prior convictions. Obviously, for the reasons discussed above, I disagree with the Court of Criminal Appeals as to whether there was any procedural default in the latter regard. Also, I agree with Judge Welch that the majority of the Court of Criminal Appeals is incorrect to view Laakkonen's brief as insufficient. 21 So.3d at 1265 (Welch, J., dissenting). In his petition to this Court, however, Laakkonen addresses only the substantive merits of the impropriety of the jury charge as to prior convictions. As such, the petition provides this Court with no proper basis under Rule 39, Ala. R.App. P., for granting certiorari review of the decision rendered by the Court of Criminal Appeals in this case. See generally Rule 39(a)(1)(D) and Rule 39(d)(3).
NOTES
[1] Indeed, "`for the state's attorney to ask a question which implies the existence of a factual predicate which the examiner knows he [or she] cannot support by the evidence is unprofessional conduct.'" Covington, 620 So.2d at 126 (quoting Daniel v. State, 534 So.2d 1122, 1126 (Ala.Crim.App.1988)).